# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1142V
(not to be published)

| | | |
|---|---|---|
| ISMAEL BLANCO, | * | Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: June 5, 2018 |
| v. | * | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for Petitioner.

*Claudia Barnes Gangi*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On September 14, 2016, Ismael Blanco filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that he suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of his October 9, 2013, Influenza ("flu") vaccine.[2] Petitioner further alleges that he suffered residual effects from his condition for more than six months. The parties filed a stipulation for damages on

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

March 12, 2018, (ECF No. 29), which I adopted as my decision awarding damages that same day (ECF No. 30).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated April 20, 2018, (ECF No. 34), and an amended reply to the motion requesting attorney's fees and costs, dated May 7, 2018. *See* ECF No. 36.[3] Petitioner requests reimbursement of attorney's fees and costs in the total amount of $28,642.23 (representing $27,449.00 in attorney's fees, plus $1,193.23 in costs). *Id.*[4] Respondent filed a document reacting to the fees request on May 18, 2018, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 37 at 2-3.[5]

Vaccine Program attorneys are entitled to a fees award in successful cases like this one. Determining the appropriate <u>amount</u> of that award is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[6] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera*, 515 F.3d at 1348. This standard for calculating a fee award is considered

---

[3] In his amended reply, Petitioner altered his fee request to include a 2018 rate for his counsel consistent with that recently awarded by Chief Special Master Dorsey. ECF No. 36 at 1; *see, e.g.*, *Vuinovich v. Sec'y of Health & Human Servs.*, No. 16-1312V, 2018 WL 2224899 (Fed. Cl. Spec. Mstr. Feb 8, 2018) (awarding Ms. Meyers $375 per hour for work performed in 2018).

[4] Of note, these amounts also include fees and expenses incurred by the Law Office of Lisa A. Roquemore, prior to the case transfer to Ms. Meyers.

[5] Petitioner's General Order No. 9 statement notes that he has not incurred any fees or costs related to this matter. ECF No. 34-2 at 2.

[6] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Here, Petitioner requests $350 per hour for Ms. Meyers for work performed in 2016-2017, and $375 per hour for work performed in 2018. ECF No. 36-1 at 1.[7] Petitioner also requests rates of $145 per hour for work done by one paralegal. *Id.* These requested rates are within the appropriate hourly rate ranges established for attorneys with comparable experience as set forth in *McCulloch*. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The hourly rates for present counsel are also consistent with my prior determinations and the decisions of other special masters. *See Vuinovich v. Sec'y of Health & Human Servs.*, No. 16-1312V, 2018 WL 2224899 (Fed. Cl. Spec. Mstr. Feb 8, 2018); *Stewart v. Sec'y of Health and Human Servs.*, No. 16-1336V, 2017 WL 5398069 (Fed. Cl. Spec. Mstr. Sept. 5, 2017); *Intini v. Sec'y of Health & Human Servs.*, No. 15-304V, 2016 WL 8136089 (Fed. Cl. Spec. Mstr. Dec. 21, 2016).

Petitioner also requests reimbursement for representation by Ms. Lisa Roquemore (Petitioner's original counsel of record) for 12.1 hours of work. She billed at a rate of $365 per hour for work performed in 2014-2016. ECF No. 34-1 at 22. Petitioner also requests rates of $135 per hour for work done by one of Ms. Roquemore's paralegals. *Id.* Ms. Roquemore has previously been found to be entitled to forum rates, and the hourly rates for her work requested herein are also consistent with my prior determinations and the decisions of other special masters. *See Wilson v. Sec'y of Health and Human Servs.*, No. 15-521V, 2017 WL 1713104 (Fed. Cl. Spec. Mstr. Mar. 29, 2017); *Davis v. Sec'y of Health and Human Servs.*, No. 14-978V, 2017 WL 656304 (Fed. Cl. Spec. Mstr. Jan. 23, 2017); *Raicevic v. Sec'y of Health and Humans Servs.*, No 13-766V, 2016 WL 7666536 (Fed. Cl. Spec. Mstr. Dec. 16, 2016).

Finally, Petitioner requests $1,193.23 in costs associated with this matter. The requested costs include fees related to medical records, expert witnesses, court costs, postage, photo copies, and long distance communication (all of which are typical expenses incurred in a Vaccine Program case). ECF No. 34-1 at 2.

Upon my review of the billing record, the hours expended on this matter by both counsel appear to be reasonable, and Respondent did not identify any entries as objectionable. Thus, I will

---

[7] Petitioner's application for fees and costs, relies upon a proposed hourly rate for Petitioner's counsel, Nancy Routh Meyers, Esq., who practices in Greensboro, North Carolina. The proposed rates amount to near the in-forum rates set forth *in McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), and will be awarded. Because the total sum requested appears reasonable, and given Respondent's deferral of resolution of this matter to my discretion, I do not reach the question of whether Ms. Meyers is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this Decision therefore does not constitute such a determination.

reimburse both counsel in full for their work on this matter. The requested litigation costs are also reasonable and will be awarded in full.

      I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$28,642.23** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Nancy Routh Meyers, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[8]

      **IT IS SO ORDERED.**

                                                               <u>/s/ Brian H. Corcoran</u>
                                                                 Brian H. Corcoran
                                                                 Special Master

---

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.